IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jonathan-Aaron Davis,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>John Doe, *Richland County Sheriff Dept.*;<br>John Doe, *Newberry County Sheriff Dept.*,<br><br>　　　　　　Defendants.<br>_____ | C/A No. 0:12-3047-RMG-PJG<br><br>**REPORT AND<br>RECOMMENDATION** |

　　　　The plaintiff, Jonathan-Aaron Davis ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at the Allendale Correctional Institution in Fairfax, South Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

　　　　In the above-captioned case, Plaintiff has brought suit against an unknown employee of the Richland County's Sheriff's Department and an unknown employee of the Newberry County Sheriff's Department. Plaintiff's claims arise out of the alleged misidentification of Plaintiff on a surveillance video made during the course of an investigation into a so-called "chop shop." Plaintiff alleges the two defendants are the arresting officers on Warrant No. M-235921. Plaintiff states that he was charged with ownership or operation of a "chop shop," but that the Richland County Sheriff's Department was not able to "match" Plaintiff's DNA to the DNA recovered at the crime scene.

Plaintiff alleges that an Assistant Solicitor for the Fifth Judicial Circuit "forced Plaintiff to Plea from Motor Vehicle Chop Shop to Malicious Damage to Property Under $1,000." (ECF No. 1 at 4.) Plaintiff, thereafter, requested expungement of the "chop shop" charge. Plaintiff seeks a declaratory judgment; compensatory damages of $10,846 from each defendant; punitive damages of $6,759 from each defendant; court costs; attorney's fees; appointment of counsel; and other relief deemed just and proper.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1]  28 U.S.C.

---

[1] Screening pursuant to § 1915A is subject to this standard as well.



§ 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up

*PJG*

questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### DISCUSSION

Although Plaintiff "pled down" from ownership or operation of a chop shop to malicious damage to property, the above-captioned case is subject to summary dismissal because Plaintiff did not receive a favorable termination within the meaning of the applicable law. With respect to actions filed pursuant to 42 U.S.C. § 1983, the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1997) stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87.

Although Plaintiff was able to get the "chop shop" charge expunged, Plaintiff's guilty plea to malicious damage to property means that he has not received a favorable termination consistent with innocence. A conviction for a lesser-included or a different offense on the same warrant offense precludes a malicious prosecution claim. See Bishop v. Vazquez, C/A No. 4:10-1833-JMC-TER, 2011 WL 7500436, at *6 (D.S.C. Dec. 14, 2011) ("There is no evidence in the record that the conviction has been reversed, expunged or otherwise invalidated. A finding by this court that [the defendant] lacked probable cause



to stop Plaintiff would necessarily imply the invalidity of Plaintiff's conviction for reckless driving.") (footnote omitted), *adopted by* 2012 WL 871216 (D.S.C. Mar. 14, 2012). In another case, Stokes v. Moorman, C/A No. 9:10-1711-CMC-BM, 2010 WL 3862568, at *5 (D.S.C. Aug. 17, 2010) (collecting cases), *adopted by* 2010 WL 3834470 (D.S.C. Sept. 27, 2010), *aff'd*, No. 10-7411, 406 F. App'x 823, 2011 WL 13551 (4th Cir. Jan. 4, 2011), *cert. denied*, 131 S.Ct. 2994 (2011), the Honorable Bristow Marchant, United States Magistrate Judge, concluded that, to satisfy the favorable termination requirement of Heck v. Humphrey, a litigant must have received a termination consistent with his or her innocence.

Moreover, the Complaint shows on its face that Plaintiff's claims of false arrest are untimely under South Carolina's three-year statute of limitations. In civil rights cases filed in the District of South Carolina, this court must apply South Carolina's general or residual personal injury statute of limitations. See Wilson v. Garcia, 471 U.S. 261, 265-80 (1985); see also Owens v. Okure, 488 U.S. 235 (1989). South Carolina's general or residual personal injury statute of limitations is codified at S.C. Code Ann. § 15-3-530, which establishes a three-year limitations period for causes of action arising on or after April 5, 1988.

Plaintiff alleges and his exhibits show that he was arrested on July 25, 2009. Under Wallace v. Kato, 549 U.S. 384, 388-95 (2007), Plaintiff's cause of action for false arrest accrued on July 25, 2009, the date he was arrested. Hence, Plaintiff's filing of this case in October of 2012, is untimely by more than two months.[2]

---

[2] The prison mailroom stamp on the envelope used to mail the pleadings is not legible from the scanned image (ECF No. 1-2) on CM-ECF. Even so, it is clear that Plaintiff signed the Complaint on October 15, 2012 (ECF No. 1-1 at 5).

PJG



Finally, Plaintiff's allegations of slander are not cognizable under Section 1983. An alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983. Paul v. Davis, 424 U.S. 693, 697–710 (1976). Secondly, under longstanding South Carolina case law, contents of governmental records—such as judicial proceedings, case reports, published cases, investigative reports, or arrest records—do not give rise to liability for slander or libel. See Padgett v. Sun News, 292 S.E.2d 30, 32-33 (S.C. 1982); Heyward v. Cuthbert, 15 S.C.L. (4 McCord) 354, 356-59 (1827).

As earlier stated, Plaintiff seeks compensatory damages and punitive damages for emotional and mental stress. Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), Plaintiff is not entitled to relief for emotional or mental stress. Merriweather v. Reynolds, 586 F. Supp. 2d 548, 558-59 (D.S.C. 2008) (collecting cases).

### RECOMMENDATION

Accordingly, the court recommends that the above-captioned case be summarily dismissed without prejudice and without service of process.

_____
November 30, 2012                                         Paige J. Gossett
Columbia, South Carolina                           UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).