IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |  |
|---|---|---|
| Jonathan-Aaron Davis, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 0:12-cv-3047-RMG |
| | ) | |
| John Doe, Richland County Sheriff's Department; John Doe, Newberry County Sheriff's Department, | ) ) ) | ORDER |
| | ) | |
| Defendants. | ) | |

Plaintiff Jonathan-Aaron Davis, a *pro se* state prisoner confined at Allendale Correctional Institution in Fairfax, South Carolina, brought this civil rights action under 42 U.S.C. § 1983 on October 23, 2012, alleging that Defendants, unnamed investigators for their respective county Sheriff's Departments, violated his constitutional rights. (Dkt. No. 1). Specifically, he argues that he was falsely arrested after being misidentified on a surveillance video during an investigation into an automobile "chop-shop," and that he was thereafter forced to plead guilty to a related, but less serious, criminal charge. (*Id.* at 4). Plaintiff seeks declaratory relief, as well as compensatory and punitive damages, and is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

## Background

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d),(e), D.S.C., the case was assigned to a Magistrate Judge. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. On November 30, 2012, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Plaintiff's complaint be summarily

dismissed, without prejudice and without issuance and service of process. (Dkt. No. 11). Plaintiff filed objections to the R&R on December 17, 2012. (Dkt. No.14).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–271 (1976). The Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss a prisoner's action if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## Discussion

The Magistrate Judge liberally construed the complaint, accurately summarized the law, and correctly concluded that Plaintiff's § 1983 claim should be dismissed. Though Plaintiff makes much of the expungement of his "motor vehicle chop shop" count, (Dkt. No. 1-1), the expungement of that charge does not erase Plaintiff's guilty plea for a different offense stemming from the same arrest, malicious damage to property under $1,000. In his objections to the R&R, Plaintiff states that the chop shop "charge was never pled down to a lesser offense." (Dkt. No. 14 at 1). But that contention is inconsistent with the complaint itself, in which Plaintiff alleges that a prosecutor "forced [him] to plea from motor vehicle chop shop to malicious damage under $1,000. (Dkt. No. 1 at 4). The plain language of the complaint governs. Plaintiff has therefore failed to "demonstrate that the

conviction . . . has already been invalidated," a prerequisite for recovering on his false arrest claim. *Heck v. Humphrey*, 512 U.S. 477, 487 (1997); *see also Bishop v. Vazquez*, No. 4:10-cv-1833, 2011 WL 7500436 (D.S.C. Dec. 14, 2011).

Just as importantly, the Magistrate Judge also correctly pointed out that the statute of limitations had run on this claim, since the claim was brought more than three years after Davis's allegedly false arrest. (Dkt. No. 11 at 5). Accordingly, Plaintiff "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## Conclusion

For these reasons, the Court adopts the Magistrate Judge's Report and Recommendation as the Order of the Court and DISMISSES, without prejudice and without issuance and service of process, Plaintiff's claims against Defendants.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
December 20, 2012